

2021 MAR -1 PM 12: 23

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| ANNABETH ROSE HOSTETTER,<br>A Minor, by and through her natural parents,<br>ASHLEY and ALEXIS HOSTETTER, and<br>ASHLEY HOSTETTER and ALEXIS<br>HOSTETTER, Individually,<br><br>               Plaintiffs,<br><br>V.<br><br><br>THE UNITED STATES,<br><br>               Defendant. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | 2:21-CV-52<br><br><br><br><br><br>COMPLAINT |

**COMPLAINT**

**I.   Introduction**

1.   This personal injury action follows the denial of the administrative tort claim filed with the U.S. Department of Health and Human Services on behalf of plaintiffs Annabeth Rose Hostetter, and her natural parents Ashley and Alexis Hostetter, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§§§ 1346(b), 2401(b), 2671, 2675(a). The action arose from a personal injuries claim caused by medical malpractice by a Federally Qualified Health Center and its employees in the State of Vermont. At all relevant times, the infant plaintiff, Annabeth Rose Hostetter, and her natural parents, resided in the State of Vermont. Plaintiffs filed an administrative

tort claim with the U.S. Department of Health & Human Services on July 28, 2020. The claim was denied on February 5, 2021.

## II. The Parties

2. At all times relevant to this action, ANNABETH ROSE HOSTETTER resided in Randolph, Vermont. At all times relevant to this action, Plaintiffs ASHLEY and ALEXIS HOSTETTER, infant plaintiff's natural parents, resided in Randolph, Vermont.

3. Defendant is the UNITED STATES.

## III. Jurisdiction.

4. This Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2675, and 2679(a). Plaintiffs filed an administrative tort claim with the U.S. Department of Health & Human Services on July 28, 2020. The claim was denied on February 5, 2021. Accordingly, plaintiffs may now file a complaint with this Court.

5. Pursuant to 28 U.S.C. § 2675(b), the amount in controversy does not exceed $100,000,000, the "Amount of Claim" specified in the administrative tort claim filed with the U.S. Department of Health & Human Services.

6. There is proper venue in the District of Vermont pursuant to 28 U.S.C. § 1391 (b)(2). All the events and omissions giving rise to the plaintiffs' claim occurred within the District of Vermont.

.

## COUNT I

1. At all times mentioned herein, ANNABETH ROSE HOSTETTER and her natural parents, ASHLEY and ALEXIS HOSTETTER, were residents of Orange County, Vermont.

2.  At all times mentioned herein, GIFFORD PRIMARY CARE, was and is a Federally Qualified Health Center, (a clinic that is part of Gifford Health Care, Inc., a network of health centers in Central Vermont and the Upper Valley.)

3.  At all times relevant to his action, COURTNEY RILEY, M.D. and JOSEPH PELLETIER, MD. were employees of GIFFORD PRIMARY CARE, and the United States under the Federal Tort Claims Act.

3.  ANNABETH ROSE HOSTETTER (hereinafter referred to as ANNABETH) was born on July 29, 2018, at full term, at Gifford Medical Center, Inc. (referred to henceforth as the Hospital) a hospital facility that is part of Gifford Health Care, Inc.

4.  At all material times, DR. COURTNEY RILEY held herself out as a physician specializing in pediatrics.

5.  At all material times, DR. COURTNEY RILEY was acting as the agent, servant, and employee of GIFFORD PRIMARY CARE.

6.  At all material times, DR. JOSEPH PELLETIER held himself out as a physician specializing in pediatrics.

7.  At all material times, DR. JOSEPH PELLETIER was acting as the agent, servant, and employee of GIFFORD PRIMARY CARE.

8.  Shortly after birth, ANNABETH showed signs of respiratory distress.

9.  On July 29, 2018, DR. COURTNEY RILEY ordered chest X-rays and placed ANNABETH on respiratory support with CPAP, and assessed her with "transient tachypnea of a newborn."

10. On July 30, 2018, ANNABETH failed to latch, continued to have high respiratory rates; grunting, retracting, and wheezing continued.

11. On July 31, 2018, ANNABETH's blood tests showed an extremely elevated C-reactive protein level. DR. COURTNEY RILEY ordered a second C-reactive protein test, which also showed an elevated C - reactive protein level.

12. At no time did GIFFORD PRIMARY CARE, DR. COURTNEY RILEY, or DR. JOSEPH PELLETIER order a blood culture for ANNABETH, prescribe antibiotics for ANNABETH, or construct a differential diagnosis for ANNABETH.

13. On August 1, 2018, when DR. JOSEPH PELLETIER discharged ANNABETH and ASHLEY from the Hospital, ANNABETH had lost 7.8 % of her birth weight; continued to exhibit unresolved respiratory problems; had failed to develop an established nursing pattern; failed to latch on or demonstrate a strong suck; had to be finger-fed colostrum; and was notably lethargic.

14. At an office visit with DR. COURTNEY RILEY on August 3, 2018, ANNABETH had lost 11.2% of her birth weight, and continued to have problems with feeding.

15. On August 9, 2018, ANNABETH presented at the Emergency Department at the Hospital, with tachypnea and apnea, and had to be resuscitated. She was diagnosed with meningitis and septic shock.

16. ANNABETH was transferred to Dartmouth Hitchcock Medical Center in critical condition, and was subsequently diagnosed with non-typeable *Haemophilus Influenzae* infection which caused meningitis and sepsis.

17. ANNABETH suffered from multiple brain infarcts and is severely brain damaged, as a result of the meningitis that was not diagnosed or treated by DR. COURTNEY RILEY, DR. JOSEPH PELLETIER, and GIFFORD PRIMARY CARE.

18. In connection with ANNABETH's care and treatment at GIFFORD PRIMARY CARE and the Hospital, GIFFORD PRIMARY CARE impliedly and expressly represented that:

   a. It was a qualified, responsible and superior care facility; and

   b. It employed properly trained and supervised personnel able to provide care for ANNABETH ROSE HOSTETTER; and

   c. It had the necessary facilities and personnel to provide the care required by ANNABETH ROSE HOSTETTER; and

   d. It used and employed staff members and others who were authorized, retained, and/or permitted by the Hospital to order, recommend, request, advise, perform, render, or provide care, treatments, procedures, services, or referrals, for and to patients at the Hospital.

19. The Defendants, DR. COURTNEY RILEY and DR. JOSEPH PELLETIER owed ANNABETH ROSE HOSTETTER a duty of ordinary care, a duty to provide adequate health services, and a duty to exercise reasonable care.

20. DR. COURTNEY RILEY, DR. JOSEPH PELLETIER and GIFFORD PRIMARY CARE, as employees of the UNITED STATES pursuant to the Federal Tort Claims Act, breached their duties of care to ANNABETH ROSE HOSTETTER.

21. GIFFORD PRIMARY CARE negligently failed to maintain and adhere to the appropriate and proper standards of conduct and performance of its agents, servants, and employees, and further, through its agents, servants and employees, failed to properly, competently, and adequately minister to ANNABETH ROSE HOSTETTER'S needs as to her physical condition as it was known to them with the exercise of reasonable care in one or more of the following respects: failing to properly monitor the medical condition of ANNABETH ROSE HOSTETTER, in particular, failing to conduct a differential diagnosis, order diagnostic

tests, and failing to properly provide adequate and appropriate care for ANNABETH ROSE HOSTETTER.

22.     Defendants, DR. COURTNEY RILEY and DR. JOSEPH PELLETIER negligently failed to maintain and adhere to the appropriate standard of medical care, treatment, and practice in their treatment of the infant plaintiff, in the following respects:

a. in failing to carefully review the plaintiff infant's medical chart and records;

b. in failing to consider the diagnosis of meningitis or sepsis;

c. in failing to consider the plaintiff infant's exposure to maternal illness;

d. in failing to determine the cause of plaintiff infant's abnormal respiratory findings, poor feeding and lethargy;

e. in ignoring the plaintiff infant's history, abnormal laboratory data, and abnormal physical exam;

f. in failing to diagnose and treat bacterial meningitis and/or sepsis;

g. in failing to properly monitor and treat the infant plaintiff;

h. in failing to rule out an infection such as bacterial meningitis and/or sepsis based upon the signs and symptoms the infant plaintiff presented from the date of her birth, July 29, 2018 to August 9, 2018;

i. in failing to perform a proper differential diagnosis during their care and treatment of the infant plaintiff;

j. in failing to order a blood culture to properly diagnose the infant plaintiff's condition;

k. in failing to administer proper diagnostic testing, to rule out infection, bacterial meningitis and or sepsis;

l. in failing to administer antibiotics to the infant plaintiff;

m. in failing to refer the infant plaintiff to an appropriate specialist;

n. in failing to contact another facility or neonatologist and/or level 2 NICU to properly treat the infant plaintiff;

o. in failing to treat ANNABETH ROSE HOSTETTER's medical signs, symptoms, and conditions, causing her to become critically ill and suffer irreparable damage.

23. GIFFORD PRIMARY CARE is liable for the negligence of DR. COURTNEY RILEY and DR. JOSEPH PELLETIER under the doctrine of <u>respondeat superior</u>.

24. As a direct and proximate result of the negligence, inaction and other wrongdoing of DR. COURTNEY RILEY, DR. JOSEPH PELLETIER and GIFFORD PRIMARY CARE, ANNABETH ROSE HOSTETTER suffered personal injuries including, but not limited to, brain damage, permanent blindness, seizures, and developmental complications.

25. As a direct and proximate cause of Defendants' negligence, inaction or other wrongdoing, ANNABETH ROSE HOSTETTER suffered severe personal injuries, conscious pain and suffering, and mental anguish.

26. As a further direct and proximate result of Defendants' negligence, Plaintiff ANNABETH ROSE HOSTETTER underwent painful and extensive medical care, and incurred bills and expenses attendant to her injuries and aforesaid condition, and will continue to require extensive medical care and incur bills and expenses throughout her life.

## COUNT II

27. Paragraphs 1 – 26 are realleged and incorporated here.

28. As a direct and proximate result of the defendants' negligence, ASHLEY HOSTETTER and ALEXIS HOSTETTER claim damages for the negligent injury to their infant daughter. They claim expenses and any and all consequential damages as are just.

**WHEREFORE**, Plaintiffs demand judgment of the Defendants for damages in an amount to be determined by the fact finder, plus costs; and to grant the Plaintiffs such further relief as this Court may deem just and equitable.

Dated at Manchester, Vermont this 22 day of February, 2021.

By: _____
David J. Pollock, Esq.
Martin, Harding & Mazzotti, LLP
Attorney for the Plaintiffs
5046 Main Street
Manchester Center, Vermont 05255
(802) 375-1122